William D. BOGGESS et al., Plaintiffs,

v.

Jack R. HOGAN, etc., as Executors, et al., Defendants.

No. 69 C 2267.

United States District Court,
N. D. Illinois, E. D.

March 15, 1976.

James P. Chapman, William J. Harte, Kevin M. Forde, James R. Madler, Chicago, Ill., for plaintiffs Boggess, Ness and Collins and the plaintiff class.

Robert S. Atkins, Freeman, Freeman & Atkins, Ltd., Chicago, Ill., for plaintiff objectors, Glenn Greenwood, Amy Greenwood, Ruth Greenwood and Florence Green.

Arthur T. Susman, Prins, Flamm & Susman, Ltd., Chicago, Ill., for Class member objectors, Louis R. Miller, Jean Russell Miller, Lois Russell Mello and Ogda Russell Nelson.

Thomas A. Reynolds, Jr., Richard L. Williams, III, Kurt L. Schultz, Winston & Strawn, Chicago, Ill., for defendants, Walter H. Lenhard, Jr., Teledyne, Inc., Teledyne Financial Corp., and Unicoa Corp.

Keith F. Bode, Arthur M. Martin, Jenner & Block, Chicago, Ill., for the executors of the estates of defendants O. T. Hogan and Almore H. Teschke.

Samuel H. Shapiro, Stephen C. Shamberg, Friedman & Koven, Chicago, Ill., for the executors of the estate of defendant O. T. Hogan.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the petition of attorneys for plaintiffs and the plaintiff class for an award of $300,000 in counsel fees and for reimbursement of $32,145.63 as out-of-pocket expenses incurred in the above captioned litigation which pursuant to agreement and court approval has been settled. For the reasons hereinafter stated, petitioners shall be allowed $219,205 from the settlement fund as attorneys' fees and will be reimbursed $29,933.63 for expenses.

This litigation was compromised upon the agreement of defendants to make $1,000,000 available for distribution to the class less reasonable attorneys' fees and expenses. Class counsel William J. Harte, James P. Chapman, Kevin M. Forde and James R. Madler filed their initial petition in October 1974 and requested $300,000 in fees and $13,829.48 for costs expended. At that time, petitioners' affidavits indicated that they had spent 2400 hours on this matter and estimated that an additional 500 hours

would be necessary to administer the terms of the settlement.

Following this court's approval of the compromise, an amendment to the petition was filed in February 1976. Petitioners' affidavits reveal that an additional 860 hours have since been spent on this cause. It is further estimated that an additional 600 hours will be required to bring this matter to final resolution. Of this latter figure, 100 hours are estimated as necessary to pursue the pending appeal and 500 hours are estimated as necessary to administer the terms of the compromise. Petitioners have requested only the additional reimbursement of $18,316.15 as out-of-pocket expenses incurred since October 1974. They have not requested any increase in attorneys' fees as the benefit to the class has remained constant.

■ The trial court has wide discretion in awarding attorneys' fees subject to the requirements of fairness and reasonableness. Factors to be considered are the amount of time charged considering the skill and competence of the average attorney, the complexity of the litigation and the benefits to the class. *Ellis v. Flying Tiger Corp.*, 504 F.2d 1004 (7th Cir. 1972). Benefit analysis has recently been deemed the lodestar by some courts. Time spent and a reasonable rate produce a market value of the attorneys' services. Once having arrived at this figure, risk and quality of work permit flexibility to tailor the award to actual performance, the end result. *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973); *Grunin v. International House of Pancakes*, 513 F.2d 114, 128 (8th Cir.), *cert. denied*, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93, 44 U.S.L.W. 3204 (1975).

The Manual for Complex Litigation also contains suggestions as to standards to be applied in fixing reasonable compensation in class actions. It notes that in addition to the standards set forth in the Code of Professional Responsibility of the American Bar Association [1] courts should recognize:

> (1) that in seeking and accepting employment as counsel for a judicially determined class an element of public service is involved; (2) the representation of the class by counsel is not a result of private enterprise but results from provision of an opportunity to represent the class by a judicial determination; and (3) the policy of the law in class actions . . . is to provide a motive to private counsel to represent consumers and to enforce the laws.

Manual for Complex Litigation § 1.47 (1973).

■ The court recognizes that the pursuit of this litigation has been difficult. The issues involved are complex and defendants have consistently exercised their right to raise various procedural and substantive matters. The entire burden of developing the facts and viable and probable theories for recovery was borne by plaintiffs' counsel. They did not have the benefit of either prior or contemporaneous governmental proceedings as is often the case. This litigation further represents a situation in which the class would have in all probability not received redress for the alleged wrongs committed had private counsel not been willing to undertake representation. The Securities and Exchange Commission has, to the best of the court's knowledge, taken no interest in the matter.

The court's records indicate that it has written at least eight opinions in this case. Most have dealt with complex issues such as the concept of standing to assert a Rule 10b–5 cause of action, the nature of new claims under Illinois probate law and class action determination. The docket in this matter is over forty pages long, another indication of the

1. Section DR 2–106 lists some eight factors which are to be considered as guides in determining the reasonableness of a fee. Most of these factors, if not all, will be discussed in the course of this opinion.

amount of labor which petitioners were required to spend to reach this stage of the proceedings.

Counsel have submitted a statement of qualifications which clearly indicates that they are experienced and able in this type of litigation. The court has had occasion to repeatedly examine their work product. It has been of exceptional benefit to the court.

The court further notes that petitioners were retained solely on a contingent basis. The risk undertaken was not insubstantial. Analysis of prior decisions does not easily predict the result if this cause were to be litigated.

Further, the court has examined awards allowed in similar cases. While not determinative, this factor is also relevant. The range awarded is generally in the area of ten to forty percent of the total. The percentage allowed is lower in those instances when the recovery is of a larger amount than here.

Of special significance on this issue is the amount of the compromise. The court is aware that the settlement was not easily accomplished. The $1,000,000 finally agreed upon is exceedingly fair and reasonable considering the likelihood of success on the merits. Also of special significance is the amount of time spent by petitioners in the preparation of this cause.

A review of the affidavits submitted in October 1974 reveals that approximately 2400 hours of lawyers' time had been spent as of that date and that these hours were of a nature directly related to the pursuit of this cause. Although there were several occasions when more than one petitioner needlessly appeared before the court, the hours charged are generally nonduplicative and are of a nature that could not have been performed by paralegals or clerical help. While some of the breakdowns are not as detailed as they might be, the court does not feel that petitioners should be penalized. As sole practitioners who work largely on a contingent basis, it is understandable that petitioners' records might not be as detailed as those of attorneys billing by the hour.

As noted earlier, the affidavits were amended in February 1976. An additional 860 hours have been spent on this cause between October 1974 and December 31, 1975. This time was in large measure devoted to the defense of the settlement either in response to inquiries of the objectors or in preparation of argument or briefs ultimately presented to this court.

Counsel have advised the court of their normal hourly rate. Mr. Chapman's affidavit and fee hearing testimony reveal his hourly rate to be between $75–$85 while Mr. Harte's testimony reveals his hourly rate to be between $75–$100. Mr. Forde's affidavit and testimony reveal his hourly rate to be $75 while Mr. Madler's hourly rate has been stated as between $50–$60. These figures compare favorably with the customary fees charged in this community for similar work by other attorneys. In *Liebman v. J. W. Petersen Coal & Oil Co.*, 63 F.R.D. 684, 697 (N.D.Ill.1974), Judge Will determined that the average normal hourly charge of a senior trial partner in Chicago was $85 while the average normal hourly charge for a middle trial partner was $62.

If the hours billed as of November 20, 1974, the date of the initial settlement hearing, were computed at petitioners' normal hourly billing rates, they would be owed approximately $184,200.[2] Considering the factors discussed above and that several hundred additional hours will be necessary to administer the set-

| 2. | Hours as of 11/20/74 | Normal Hourly Charge | Total |
|---|---|---|---|
| Chapman | 531 | $80 | $ 42,480.00 |
| Forde | 784.5 | $75 | 58,837.50 |
| Harte | 549 | $80 | 43,920.00 |
| Madler | 708.5 | $55 | 38,967.50 |
| | | | $184,205.00 |

tlement if approved on appeal, the court is of the opinion that a further award of $35,000 is reasonable. The court cannot, however, award fees for time spent in defense of the settlement.

The petitioners indirectly invited objection from the Greenwood plaintiffs and to allow an award for time spent defending the compromise would, under the unusual circumstances here, place an unfair burden on the total class whom counsel represent. Total attorneys' fees allowed will thus be $219,205.

Petitioners have requested reimbursement of $32,145.63 for expenses incurred. They have further requested that this court provide for the reimbursement of future expenses incurred in the appeal of the settlement and, assuming that the appeal by objectors is unsuccessful, in the administration of the settlement. The court has reviewed petitioners' affidavits and shall allow $29,933.63 as reimbursement for reasonable expenses incurred.

The court has excluded from the amount requested, as unreasonable, $2212 which, at $40 an hour, is the charge of petitioners' expert attributable to time spent after the November 20, 1974 settlement hearing. As stated earlier in this opinion, the court does not feel that these post-settlement charges are properly assessable against the fund. The court will at a future date provide for the reimbursement of reasonable costs and expenses incurred by petitioners both in the appeal of the settlement and, assuming approval, in the administration of its terms.

It is therefore ordered that petitioners Harte, Chapman, Forde and Madler shall be, and hereby are, awarded $219,205 from the settlement fund as reasonable attorneys' fees.

It is further ordered that petitioners Harte, Chapman, Forde and Madler shall be, and hereby are, awarded $29,933.63 from the settlement fund as reasonable expenses.

It is further ordered that petitioners Harte, Chapman, Forde and Madler shall

be, upon application at a future date, awarded reasonable expenses and costs incurred both in the appeal of the settlement and, assuming approval, in the administration of the settlement.